IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| LARRY J. RUSSELL, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  1:11CV567 |
| | ) |
| MERRILL LYNCH, INC., | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on the motion to dismiss filed by Defendant Merrill Lynch, Inc. ("Merrill Lynch") pursuant to Fed. R. Civ. P. 12(b)(6). (Docket No. 5.) Plaintiff Russell is appearing *pro se*, and the motion has been fully briefed. (Docket Nos. 6, 11, 12.) As part of the motion, Merrill Lynch requests that the Court impose sanctions against Plaintiff Russell and enter an injunction barring him from filing future litigations against Merrill Lynch. For the reasons that follow, Defendant's motion to dismiss should be granted, and this action should be dismissed.

**FACTS, CLAIMS, AND PROCEDURAL HISTORY**

In this action Plaintiff Russell raises claims of negligent supervision, defamation, and age discrimination against his former employer, Merrill Lynch. (Docket No. 1 ("Pl.'s Compl.")) Plaintiff was employed by Merrill Lynch as a financial adviser trainee from March 5, 2007, until August 14, 2007. (*Id*. at 1.) He claims that his immediate supervisor,

Evans H. Neville, negligently supervised him, that Merrill Lynch defamed him by "wrongfully communicat[ing] false statements to third-parties" in two emails and on a "U-5 form," and that he was a victim of age discrimination because Defendant hired as his replacement an employee who was 13 years his junior and outside of Plaintiff's protected class. (*Id*.)

In the introduction to his complaint, Plaintiff refers to his previous action in this district against Merrill Lynch and other defendants. *Russell v. Merrill Lynch, Inc., et al.*, No. 1:09CV534 (M.D.N.C. Nov. 1, 2011). In that action Plaintiff raised or attempted to raise several claims related to his brief employment with Merrill Lynch. For the purposes of this opinion, it is noteworthy that Plaintiff raised claims of negligent supervision and defamation in his previous complaint. (No. 1:09CV534, Docket No. 1.) These claims were dismissed without prejudice. (No. 1:09CV534, Docket No. 78.) Thereafter, Plaintiff twice attempted to amend his complaint to add a claim of negligent supervision, however the Court denied those attempts. (No. 1:09CV534, Docket Nos. 90, 182 (motions to amend to add negligent supervision claim); Docket No. 122 (striking docket no. 90); Oral Order of 4/27/2011 (denying motion to amend complaint to add negligent supervision claim (Docket No. 182).) Plaintiff also sought reconsideration of the dismissal of his defamation claim, but the Court denied reconsideration. (No. 1:09CV534, Docket No. 157, Oral Order of 4/27/2011.)

In Plaintiff's earlier action he also attempted to amend his complaint to add a claim of age discrimination. (No. 1:09CV534, Docket No. 68.) The Court denied Plaintiff's

motion to amend. (No. 1:09CV534, Docket Nos. 122, 175). Further, Plaintiff's attempted "amended complaint" adding a claim of age discrimination was stricken by the Court. (No. 1:09CV534, Docket Nos. 86, 122.)

Defendant Merrill Lynch moves to dismiss all three of Plaintiff's claims in this action based on the doctrine of res judicata as a result of the earlier dismissals and rejections of Plaintiff's claims of negligent supervision and defamation, and the rejection of his claim of age discrimination. (Docket No. 5.) Alternatively, Defendant argues that if these claims are not barred by res judicata, the claims should still be dismissed for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). (*Id.*)

Plaintiff responds by arguing that his claims are not barred by res judicata because they were dismissed *without prejudice*. (Docket No. 11 at 1-3.) Plaintiff also addresses the merits of his claims. (*Id.* at 3-10.)

## DISCUSSION

A.  **Standard**

A plaintiff fails to state a claim on which relief may be granted under Fed. R. Civ. P. 12(b)(6) when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

-3-

Case 1:11-cv-00567-WO -PTS   Document 13   Filed 12/22/11   Page 3 of 7

alleged." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers only a "'formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).

**B.      Claim Preclusion/Failure to State a Claim**

Claim preclusion applies where there is: (1) a judgment on the merits in a prior suit resolving; (2) claims by the same parties or their privies; and (3) a subsequent suit based on the same cause of action. *Aliff v. Joy Mfg. Co*., 914 F.2d 39, 42 (4th Cir. 1990). Two causes of action are sufficiently the same for purposes of claim preclusion where the second claim arises out of the same transaction or series of transactions as the prior judgment. *Id*. at 43.

There is no dispute that Plaintiff and Merrill Lynch are parties in this action and were parties in the previous action. In addition, both proceedings are based on the same cause of action. In both cases, Plaintiff's claims arise from his brief period of employment at Merrill Lynch. Therefore, claims made in the previous action are barred here if there was a judgment on the merits in the prior suit. Plaintiff argues, in effect, that a dismissal without prejudice is not a judgment on the merits.

Plaintiff overlooks, however, the legal effect of the denials of his motions to amend in his prior action upon those dismissals without prejudice. In the previous action, the Court denied motions to amend to add claims of age discrimination and negligent supervision. The Fourth Circuit has held that the "denial of a motion to amend a complaint in one action is a final judgment on the merits barring the same complaint in a later action." *See Witthohn v. Fed. Ins. Co*., 164 Fed. App'x 395, 397 (4th Cir. 2006) (citing *Prof'l Mgmt. Assocs., Inc. v.*

-4-

*KPMG, LLP*, 345 F.3d 1030, 1032 (8th Cir. 2003)). Therefore, Plaintiff's claims of age discrimination and negligent supervision should be dismissed because they are barred by claim preclusion.[1]

The only present claim remaining for discussion is for defamation. In the earlier action, this claim was dismissed without prejudice for failure to state a claim. Plaintiff did not attempt to amend the claim, but he did unsuccessfully seek reconsideration of the dismissal. The parties do not cite authority, and the Court has found none, discussing whether claim preclusion applies under such circumstances. Nonetheless, even if the claim is not barred by claim preclusion, it should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. As in the previous action, Plaintiff has not stated a claim for relief as to Defendant's alleged statement on Plaintiff's Form U-5 that he was dismissed for failing to meet performance standards because there is no plausible allegation of falsity. (*See* No. 1:09CV534, Docket No. 78 at 10-11.) For the reasons stated in the previous action, Plaintiff also fails to state a claim for defamation (libel) based upon the August 3, 2007 emails that Mr. Neville allegedly sent to the Pinehurst and Greensboro offices of Merrill Lynch stating that Plaintiff had failed his exam for the second time, and

---

[1] Alternatively, the Court finds that Plaintiff's claims of age discrimination and negligent supervision fail to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) for the reasons fully stated in the earlier action. (*See* No. 1:09CV534, Docket No. 122 at 3-5.)

-5-

that Mr. Neville had accepted his resignation. (*See id*. at 8-10.) Plaintiff's claim of defamation should therefore also be dismissed.

C.     **Sanctions and Injunctive Relief**

Defendant requests that Plaintiff be ordered to pay for all of Defendant's reasonable attorney fees and expenses incurred as a direct result of the filing of this action and/or require Plaintiff to seek leave before being allowed to file any further pleadings. (Docket No. 6 at 17.) Defendant moves pursuant to Fed. R. Civ. P. 11 which sets out certain requirements that must be met before sanctions may be imposed. First, the moving party must file the motion for Rule 11 sanctions by separate motion. Fed. R. Civ. P. 11(c)(2). In addition, the moving party must comply with the safe harbor provision of Rule 11. (*Id.*) The record fails to show that Defendant complied with these preconditions to awarding sanctions.

Defendant also requests that a pre-filing injunction be filed against Plaintiff. Plaintiff was warned in his earlier action that if he continues to file frivolous pleadings or raise issues without good cause or basis that have previously resulted in motions which were denied, sanctions or a pre-filing injunction could be imposed against him. (No. 1:09CV534, Docket No. 186.) Because this action is only Plaintiff's second against Defendant, this Court will not recommend that a pre-filing injunction be imposed. However, Plaintiff has now filed claims in two actions against Defendant Merrill Lynch which have been dismissed or which this Court has recommended be dismissed. It is clear that Plaintiff cannot state a viable claim based upon these causes of action. Plaintiff therefore is specifically warned that any future

-6-

action filed against Defendant Merrill Lynch arising from his employment will result in an award of sanctions or the imposition of a pre-filing injunction.

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the motion to dismiss filed by Defendant Merrill Lynch (Docket No. 5) be granted, and that this action be dismissed.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: December 22, 2011